STATE OF NORTH CAROLINA v. JOHN ROGER WALTERS

No. 69

(Filed 24 January 1978)

**1. Criminal Law § 102.12— right to inform jury of punishment for offense**

G.S. 84-14 secures to counsel the right to inform the jury of the punishment prescribed for the offense for which defendant is being tried, and counsel may exercise this right by reading the punishment provisions of the statute to the jury.

**2. Criminal Law § 102.12— denial of right to inform jury of punishment for offenses—prejudicial error**

The trial court in a second degree murder case erred in denying defense counsel the right to inform the jury of the punishment prescribed by law for second degree murder, voluntary manslaughter and involuntary manslaughter, and the denial of the right to inform the jury of the punishment provisions of G.S. 14-18 for voluntary and involuntary manslaughter was prejudicial to defendant where the jury convicted defendant of voluntary manslaughter, the evidence of defendant's guilt was not overwhelming and there was significant evidence to the contrary, and counsel could not document the seriousness of voluntary manslaughter as compared to involuntary manslaughter and was thus hampered in shaping his argument to persuade the jury, if he could, that defendant should be acquitted on the ground of self-defense or, at most, convicted only of involuntary manslaughter.

THE State of North Carolina appeals from decision of the Court of Appeals, 33 N.C. App. 521, 235 S.E. 2d 906 (1977), awarding defendant a new trial.

Defendant was tried at the 6 September 1976 Session, Robeson Superior Court, before *Canaday, J.*, upon a bill of indictment charging him with the murder of Walter Carson Cox. The district attorney announced upon the call of the case that he would not seek a verdict greater than second degree murder.

The State's evidence tends to show that in the early morning hours of Saturday, 28 February 1976, Walter Carson Cox was shot five times and died as the result of hemorrhage secondary to the gunshot wounds. Defendant was seen hurrying from the scene to a telephone booth and was overheard phoning the police. During this telephone call defendant was heard to state that he had shot Cox and that Cox was badly hurt. After defendant finished his phone call, he stated, "if the sonofabitch ain't dead, he ought to be."

The State's evidence further tends to show that defendant made a statement to police officers in which he admitted shooting Cox, but stated that the shooting occurred in the following manner: Cox and defendant were friends and had been sitting together in a car. Cox got out of the car and departed, then returned with a shotgun which he pointed through the window and into the car where defendant was sitting. Cox again departed, then returned, pointed the shotgun in the car window again and threatened defendant. Defendant then pushed the shotgun away, took his pistol and shot Cox.

Defendant testified and offered evidence tending, in substance, to show that Cox, Esther Bell and defendant had been riding together in defendant's car. Cox had been drinking, apparently heavily. At approximately 1 a.m. the three of them were sitting in defendant's car parked in a lot by a Robeson County grocery store. Cox departed amicably and attempted to start his car parked nearby. The car failed to start. Cox then walked toward his home, located a short distance away, and returned ten minutes later carrying a shotgun. He walked to defendant's car, placed the shotgun barrel at defendant's left temple and stated he was going to scatter defendant's brains. Miss Bell fell to the floorboard of the car, crying, and pleaded with Cox to leave. Defendant asked Cox to leave. Cox then walked to his car and got in it, but immediately got out and returned to defendant's car. He again placed the shotgun barrel through the open window and at defendant's left temple and again stated he was going to scatter defendant's brains. Defendant grabbed the shotgun with his left hand and pushed its barrel out of the car window and up in the air. Simultaneously, defendant reached with his right hand for a .25 caliber semi-automatic pistol which he kept in the car console, aimed it at Cox and fired approximately five shots in quick succession. When Cox "let go" of the shotgun, defendant ceased firing. Defendant then got out of his car and hurried to a nearby telephone booth where he telephoned the police and requested that they send an ambulance.

Defendant also offered evidence tending to show that Cox had a reputation as a dangerous and violent man. Defendant denied making any statement in which he said that Cox was a "sonofabitch" or "ought to be dead."

In rebuttal the State presented evidence that spent .25 caliber cartridges had been found a considerable distance from defendant's car. The State argued that this evidence, the angle of the bullet wounds in Cox's body and the location of puddles of Cox's blood tended to show that Cox had not been shot while defendant was seated in his car attempting to defend himself.

The jury found defendant guilty of voluntary manslaughter and he was sentenced to ten to fifteen years imprisonment. Defendant appealed to the Court of Appeals which, with Judge Britt dissenting, ordered a new trial. The State appealed to this Court pursuant to G.S. 7A-30(2).

*Rufus L. Edmisten, Attorney General; Norma S. Harrell, Associate Attorney, for the State of North Carolina.*

*E. M. Britt of Britt and Britt, for defendant appellee.*

HUSKINS, Justice.

At the close of all the evidence defendant moved that he be permitted to read to the jury G.S. 14-17 and G.S. 14-18, including the statutory provisions pertaining to punishment for first and second degree murder and manslaughter. This motion was denied "with respect to any reading of the punishment provisions." Defendant assigned this denial as error, and the Court of Appeals awarded him a new trial on that basis. The State's appeal challenges the correctness of that decision.

[1] G.S. 84-14 provides, in part: "In jury trials the whole case as well of law as of fact may be argued to the jury." This statute secures to counsel the right to *inform* the jury of the punishment prescribed for the offense for which defendant is being tried. *State v. McMorris*, 290 N.C. 286, 225 S.E. 2d 553 (1976); *State v. Britt*, 285 N.C. 256, 204 S.E. 2d 817 (1974). *Accord, State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977). Counsel may exercise this right by reading the punishment provisions of the statute to the jury, though he "may not argue the question of punishment in the sense of attacking the validity, constitutionality, or propriety of the [prescribed punishment]." *State v. Britt, supra* at 273, 204 S.E. 2d at 829. "Nor may counsel argue to the jury that the law ought to be otherwise, that the punishment provided thereby is too severe and, therefore, the jury should find the defendant not

guilty of the offense charged but should find him guilty of a lesser offense or acquit him entirely." *Id.*

[2] Thus the trial court erred in denying defense counsel the right to inform the jury of the punishment prescribed by law for second degree murder, voluntary manslaughter and involuntary manslaughter. We must now decide whether the error was prejudicial.

Mere technical error does not entitle defendant to a new trial. *State v. Alexander,* 279 N.C. 527, 184 S.E. 2d 274 (1971). The burden is on the appellant to show prejudicial error amounting to the denial of some substantial right. *Kennedy v. James,* 252 N.C. 434, 113 S.E. 2d 889 (1960). *Accord, State v. Jarrett,* 271 N.C. 576, 157 S.E. 2d 4 (1967); *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39 (1960). For reasons which follow we think he has carried the burden.

We said in *State v. McMorris, supra,* that it is permissible for a criminal defendant "to inform the jury of the statutory punishment provided for the crime for which he is being tried. In serious felony cases, at least, such information serves the salutary purpose of impressing upon the jury the gravity of its duty. It is proper for defendant to advise the jury of the possible consequence of imprisonment following conviction to encourage the jury to give the matter its close attention and to decide it only after due and careful consideration. . . . Denial of permission to counsel to so inform the jury was an unwarranted and prejudicial restriction on defendant's right to argue fully the 'whole case' as permitted by General Statute 84-14." 290 N.C. at 288, 225 S.E. 2d at 554-55.

A careful review of the record on appeal leads us to the conclusion that denial of defendant's right to inform the jury of the punishment provisions of G.S. 14-18 for voluntary and involuntary manslaughter was prejudicial and may not be regarded as harmless. "Whether an error is to be considered prejudicial or harmless must be determined in the context of the entire record." *State v. Lewis,* 274 N.C. 438, 452, 164 S.E. 2d 177, 186 (1968). The record discloses, among other things, that Carson Cox was drinking, hostile, and had twice pointed a cocked, loaded shotgun at defendant's left temple and threatened to "scatter his brains"; that when thus assaulted the second time defendant grabbed the

shotgun barrel with his left hand, pushed it up and out of the car window, and shot Cox with a pistol held in defendant's right hand while Cox was trying to force the shotgun downward and "get it back in the window" on defendant. It was the jury's duty to weigh defendant's conduct in this factual context.

In cases where evidence of a defendant's guilt is overwhelming and the error complained of is insignificant by comparison, we have held, and rightly so, that such insignificant error could not have contributed to the conviction and was therefore harmless. *See, e.g., State v. Knight*, 282 N.C. 220, 192 S.E. 2d 283 (1972); *State v. Taylor*, 280 N.C. 273, 185 S.E. 2d 677 (1972); *State v. Fletcher* and *State v. St. Arnold*, 279 N.C. 85, 181 S.E. 2d 405 (1971); *State v. Brinson*, 277 N.C. 286, 177 S.E. 2d 398 (1970).

Here, the evidence of guilt is not overwhelming; there is significant evidence to the contrary. Counsel was not permitted to read the punishment provisions of G.S. 14-18 to the jury and could not document the seriousness of voluntary manslaughter as compared to involuntary manslaughter. Nor could he portray the gravity of the jury's duty by informing it that voluntary manslaughter might involve imprisonment for twenty years whereas involuntary manslaughter was only punishable by a fine or imprisonment (not exceeding ten years), or both. Counsel was thus hampered in shaping his argument to persuade the jury, if he could, that defendant should be acquitted on the ground of self-defense or, at most, convicted of involuntary manslaughter only. This error constituted a substantial restriction on defendant's right to argue to the jury the whole case — the law as well as the facts, G.S. 84-14. Such an *improper restriction* must be regarded as material and prejudicial on the facts of this case. Accordingly, the decision of the Court of Appeals awarding defendant a new trial is

Affirmed.