STATE OF NORTH CAROLINA v. ROLAND DOUGLAS SMITH

No. 247A92

(Filed 28 January 1994)

## 1. Criminal Law § 454 (NCI4th)— murder—closing argument— severity of sentence—argument not allowed—error

The trial court erred in a murder prosecution by not allowing defendant's attorney to argue to the jury the severity of the sentence where the argument did not question the appropriateness of the punishment or suggest that the defendant should be acquitted because of the severity of the punishment, but did encourage the jury to give careful consideration to the case. Although the State argued that any error was harmless because of the overwhelming evidence of guilt, the Supreme Court could not hold that this error, combined with not allowing defendant's attorney to argue the defendant was not guilty, was harmless.

**Am Jur 2d, Trial § 229.**

## 2. Criminal Law § 444 (NCI4th)— murder—closing argument by defendant—objections erroneously sustained

The trial court erred in a murder prosecution by sustaining the State's objections to portions of defense counsel's argument in which the State contended that the attorney was personally vouching for the credibility of a witness and misstating the law. The State did not say why the defense attorney was vouching for the witness or how he was misstating the law and the Supreme Court could not see how he did so. Although the State argued that any error was harmless because of the overwhelming evidence of guilt, the Supreme Court could not hold that this error, combined with not allowing the defense attorney to argue the severity of the sentence, was harmless.

**Am Jur 2d, Trial §§ 225 et seq.**

**Propriety and prejudicial effect of comments by counsel vouching for credibility of witnesses—state cases. 45 ALR4th 602.**

STATE v. SMITH

[335 N.C. 539 (1994)]

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of death entered by Fulton, J., at the 1 June 1992 Criminal Session of Superior Court, Burke County. The defendant's motion to bypass the Court of Appeals as to an additional conviction as a habitual felon was allowed 28 September 1993. Heard in the Supreme Court 13 October 1993.

The defendant has previously been convicted of first degree murder in this case and has received the death penalty. He was granted a new trial. *State v. Smith*, 326 N.C. 792, 392 S.E.2d 362 (1990). The defendant was retried and found guilty of first degree murder, felonious breaking or entering, and being an habitual felon. The jury recommended the death penalty. The court arrested judgment on the charge of breaking or entering, sentenced the defendant to death on the murder charge, and sentenced him to life in prison for being an habitual felon. The defendant appealed.

*Michael F. Easley, Attorney General, by John H. Watters, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for defendant-appellant.*

WEBB, Justice.

The defendant first assigns error to the court's refusal to let his attorney make certain arguments to the jury. We believe this assignment of error has merit. The following occurred during the closing argument by the defendant's attorney:

> What does it mean to sit in this man's chair right here and be innocent? You didn't do it. Take the next step. What does it mean to spend the rest of your life in a cage?

> MR. DELLINGER: Objection.

> THE COURT: Sustained. Ladies and gentlemen, I would instruct you at this point that, in the event the defendant is convicted of murder in the first degree, the Court will conduct a separate sentencing proceeding to determine punishment. And it will be conducted as soon as possible following any return of a verdict.

> If that time comes you will receive separate sentencing instructions. However, at this time, your only concern is to

determine whether defendant is guilty of the crime charged, or not guilty. You may proceed.

MR. LYLES: What does it mean to be punished for something you didn't do? What does it mean to go to jail for life for something you didn't do? What does it mean to go to the gas chamber—

MR. DELLINGER: Objection.

MR. LYLES: —for something you didn't do.

THE COURT: Sustained. Mr. Lyles, you will not pursue that line of argument.

. . . .

How do you choose between two—two competing theories or explanations of the evidence? You don't. Proof beyond a reasonable doubt means the State must exclude every reasonable explanation of the evidence except that Mr. Smith is guilty. Before you're allowed to go back to the jury room and decide whether he goes to jail for life or whether he goes to the gas chamber, before you go back to decide that, you have to decide that there's only one reasonable explanation for the evidence.

MR. DELLINGER: Objection.

THE COURT: Sustained. Mr. Lyles, you will not argue punishment in this part of the proceeding.

Ladies and gentlemen, you will not consider any arguments regarding punishment. You will only reach that stage if you return a verdict of guilty of first degree murder.

MR. LYLES: In order to be convinced beyond a reasonable doubt, you must—you must exclude every reasonable explanation except that he is guilty.

Now, ladies and gentlemen, I contend that you cannot— you cannot say beyond a reasonable doubt that when Sheila Young says that Gary Rudisill told her he killed R. C. Johnson, you cannot say beyond a reasonable doubt—you cannot exclude the possibility that that is the truth.

MR. DELLINGER: Objection.

THE COURT: Sustained. Members of the jury, I will instruct you on the law.

. . . .

It is a reasonable conclusion from this evidence, ladies and gentlemen, as long as you live you cannot ignore the facts and you cannot exclude the possibility that Roland Smith is wholly and 100% innocent—

MR. DELLINGER: Objection.

. . . .

THE COURT: Sustained. Ladies and gentlemen, I will instruct you on the law in this case.

It is apparent from the above that at certain places in the closing argument of the defendant's counsel, the court refused to let him argue to the jury the severity of the sentence for a conviction of first degree murder and to argue that the defendant was not guilty. A defendant's attorney in a jury trial may argue "the whole case as well of law as of fact[.]" N.C.G.S. § 84-14 (1985). He may also "on the basis of his analysis of the evidence, argue any position or conclusion with respect to a matter in issue." N.C.G.S. § 15A-1230(a) (1988). N.C.G.S. § 15-176.5 provides that in a capital case "either party in its argument to the jury may indicate the consequences of a verdict of guilty[.]"

[1] It was error not to allow the defendant's attorney to argue these two parts of the case. The State contends it was not error to deny the defendant's attorney the right to argue the punishment that would result from a conviction, because the jury had been informed of the punishment by the court during jury selection and by the defendant's attorney in other parts of his argument. The State says the argument "was clearly an attempt by the defense to suggest to the jury that they should return a verdict of not guilty because the potential punishment was so severe." In *State v. McMorris*, 290 N.C. 286, 225 S.E.2d 553 (1976), we said that a defendant's attorney should not be permitted to argue that a defendant should be acquitted because of the severity of the punishment or to question the appropriateness of the punishment. We said it is proper for a defendant's attorney to advise the jury of the possible consequences following conviction "to encourage the jury to give the matter its close attention and to decide it

STATE v. SMITH

[335 N.C. 539 (1994)]

only after due and careful consideration." *Id.* at 288, 225 S.E.2d at 554. We believe the argument of the defendant's counsel is in the latter category. It does not question the appropriateness of the punishment or suggest that the defendant should be acquitted because of the severity of the punishment. It does encourage the jury to give careful consideration to the case because of the severity of the punishment. It was error not to let the defendant's attorney make the argument. *See State v. Walters,* 294 N.C. 311, 240 S.E.2d 628 (1978).

[2] The State argues that the objection to the argument that a witness should be believed was sustained because the attorney was personally vouching for the credibility of the witness contrary to N.C.G.S. § 15A-1230(a). *See also State v. Riddle,* 311 N.C. 734, 319 S.E.2d 250 (1984). The State does not say why the defendant's attorney was vouching for the witness and we cannot see how he did so. The State also contends that the court did not err in sustaining the objections to this portion of the argument because the defendant's counsel misstated the law. Again, the State does not say how the attorney misstated the law and we do not see how he did so.

The State argues that if there was error in preventing the defendant's attorney from arguing these matters, the error was harmless because of the overwhelming evidence of the defendant's guilt. *State v. Walters,* 294 N.C. 311, 240 S.E.2d 628. We cannot hold that not allowing the defendant's attorney to argue that the defendant was not guilty in combination with the refusal to allow him to argue the severity of the punishment was harmless.

We do not discuss the defendant's other assignments of error, as the questions they raise may not recur at a new trial.

NEW TRIAL.