STATE OF NORTH CAROLINA v. ADRIAN WOODBERRY, DEFENDANT-APPELLANT

No. COA96-400

(Filed 15 April 1997)

**Constitutional Law § 193 (NCI4th)— assaults—violations of two statutes—consecutive sentences—not double jeopardy**

    The trial court's imposition of consecutive sentences on defendant for malicious assault and battery in a secret manner with a deadly weapon with intent to kill (N.C.G.S. § 14-31) and assault with a deadly weapon with intent to kill inflicting serious injury (N.C.G.S. § 14-32(a)) did not violate the Double Jeopardy Clause of the U.S. Constitution where both convictions stemmed from a single incident. While the statutes have three common elements, each contains specific additional elements not contained in the other, and the plain language of the statutes indicates that the General Assembly intended that consecutive sentences could be imposed against a defendant who contemporaneously violated both statutes.

    **Am Jur 2d, Criminal Law §§ 243-320, 458-468; New Trial § 44.**

    **Single act affecting multiple victims as constituting multiple assaults or homicides. 8 ALR4th 960.**

Appeal by defendant from order entered 15 January 1996 by Judge Preston Cornelius in Alexander County Superior Court. Heard in the Court of Appeals 28 January 1997.

At trial, the State's evidence tended to show that on 5 May 1992 defendant along with two co-conspirators, David Burrus and Ashley Clark, agreed that they would attempt to rob various residents of a local apartment complex. To this end, they began knocking on the doors of each apartment unit anticipating that an unwitting resident would open the door and that they would in turn rob the resident. No residents opened their doors; instead, two residents called the police.

Defendant and his co-conspirators took flight upon the arrival of the police. During this flight, Burrus handed his gun to Clark and Clark fired one shot in the direction of the police officers who were then getting out of their patrol car. Clark's shot struck one of the officers in the back, seriously injuring him. All three co-conspirators were then apprehended. Defendant here was tried and convicted for malicious assault and battery in a secret manner with a deadly weapon with intent to kill and assault with a deadly weapon with intent to kill inflicting serious injury.

The trial judge sentenced defendant to twenty years for each offense and ordered that the sentences run consecutively. Defendant's counsel made no constitutional objection at the sentencing hearing. Defendant appealed his conviction and this Court found no error. Thereafter, defendant filed a motion for appropriate relief in the trial court alleging that the consecutive nature of the sentences impermissibly amounted to double jeopardy. On 15 January 1996, Judge Cornelius denied defendant's motion.

Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Richard L. Griffin, for the State.*

*North Carolina Prisoner Legal Services, Inc., by Marcus Jimison, for defendant-appellant.*

EAGLES, Judge.

Defendant argues that the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution prohibits him from receiving two consecutive sentences for one act which violates both G.S. 14-31 (malicious assault and battery in a secret manner with intent to kill) and G.S. 14-32(a) (assault with a deadly weapon with intent to kill inflicting serious injury). We disagree.

In *State v. Hill*, 287 N.C. 207, 214 S.E.2d 67 (1975), our Supreme Court upheld a defendant's convictions under both G.S. 14-31 and G.S. 14-32(a), where both convictions stemmed from a single incident. *Id.* The Supreme Court in *Hill* provided the following rationale for its decision:

> The existence of three common elements (i.e., assault, deadly weapon and intent to kill) in both offenses does not preclude conviction for both since each requires proof of an element that the other does not. G.S. 14-32 (a) . . . , in addition to the above common elements, requires proof of the *infliction of serious injury*. This element must be proven in order to support a conviction under G.S. 14-32 (a); but, it need not be shown at all in a prosecution under G.S. 14-31. Likewise, G.S. 14-31, . . . in addition to the above common elements, requires proof of *secret manner* and of *malice*. These elements must be proven in order to support a conviction under G.S. 14-31; but, they need not be shown at all in a prosecution under G.S. 14-32 (a). In other words, secret assault is not a higher degree of felonious assault with a deadly weapon with the intent to kill inflicting serious bodily injury. *See State v. Lewis*, 274 N.C. 438, 164 S.E.2d 177 (1968) (indictment for secret assault under G.S. 14-31 will not support conviction for felonious assault under G.S. 14-32 (a) since it contained no allegation that victim was seriously injured). "While the law jealously protects a culprit from double punishment, it does not allow him to commit two separate and distinct offenses for the price of one . . . ."

*Hill*, 287 N.C. at 217, 214 S.E.2d at 74 (citations omitted).

"The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986). Here, we are primarily concerned with the third category because there has been no prior conviction or acquittal and both charges against defendant were tried in the same trial.

> Where multiple punishment is involved, the Double Jeopardy Clause acts as a restraint on the prosecutor and the courts, not the legislature. *Brown v. Ohio*, 432 U.S. 161, 53 L. Ed. 2d 187 (1977). The Double Jeopardy Clauses of both the United States and North Carolina Constitutions prohibit a court from imposing more punishment than that intended by the legislature. "[T]he question whether punishments imposed by a court after a defend-

ant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." *Whalen v. United States*, 445 U.S. 684, 688, 63 L. Ed. 2d 715, 721 (1980).

*Gardner*, 315 N.C. at 452-53, 340 S.E.2d at 707-08. The United States Supreme Court has recognized that where Congress or a State legislature clearly and unambiguously expresses its intent to proscribe and punish exactly the same conduct under two separate statutes, the trial court in a single trial may impose consecutive sentences under the statutes. *Missouri v. Hunter*, 459 U.S. 359, 366-67, 74 L. Ed. 2d 535, 542-43 (1983).

"[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Hunter*, 459 U.S. at 366, 74 L. Ed. 2d at 542. "[T]he question of what punishments are constitutionally permissible is not different from the question of what punishment the Legislative Branch intended to be imposed." *Gardner*, 315 N.C. at 453, 340 S.E.2d at 708 (quoting *Albernaz v. United States*, 450 U.S. 333, 344, 67 L. Ed. 2d 275, 285 (1981)). The question then is one of legislative intent.

Here, we conclude that the General Assembly intended that consecutive sentences could be imposed against a defendant who contemporaneously violated both G.S. 14-31 and G.S. 14-32(a). We recognized in *Hill* that, while G.S. 14-31 and G.S. 14-32(a) contain three common elements, each contains specific additional elements not contained by the other. With each statute, the legislature clearly intended to provide a means of more severely punishing an offender whose conduct is egregious in a specific respect, be it by acting maliciously in a secret manner (as is specifically proscribed by G.S. 14-31) or by actually inflicting a serious injury on the victim (as is specifically proscribed by G.S. 14-32(a)). Read together the plain language of the statutes indicates that consecutive sentences are permissible.

Were consecutive sentences not permissible here, one who in a secret manner maliciously assaulted another with a deadly weapon could not be punished more severely where the assault actually resulted in serious injury (which is a specific and unique element of G.S. 14-32(a)) than where the assault did not actually result in the infliction of serious injury. Such a result would clearly be contrary to the plain language of the statute and the General Assembly's intent in enacting the statutory provisions in question. We have ex-

amined defendant's remaining assignments of error and find them to be without merit.

Affirmed.

Judges GREENE and MARTIN, John C., concur.