STATE OF NORTH CAROLINA v. STEVEN LARON PEOPLES, Defendant

No. COA99-1318

(Filed 19 December 2000)

## 1. Homicide— attempted murder and assault—intent to kill—sufficiency of evidence

There was sufficient evidence to deny defendant's motion to dismiss charges of attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury where defendant contended that there was insufficient evidence of intent to kill but the evidence was that defendant and the victim had been involved in an altercation only an hour or two earlier in which the victim had hit defendant in the face; defendant pulled up next to the victim, got out of the car, and pointed a gun at the victim; defendant used a gun to assault the victim; he fired and missed, paused, and then fired again; his second shot hit the victim; he was only a few feet from the victim when he fired; and, even after the second shot, defendant continued to approach the victim with an angry look and only retreated at the urging of his aunt.

## 2. Appeal and Error— assignment of error—multiple issues—violation of appellate rules

Raising two separate issues in a single assignment of error violated N.C. R. App. P. 10(c)(1).

## 3. Constitutional Law— double jeopardy—assault with intent to kill—attempted murder

There was no double jeopardy in the imposition of separate sentences for attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. The assault conviction requires proof of the use of a deadly weapon as well as proof of a serious injury, elements not required for attempted first-degree murder, and attempted first-degree murder requires premeditation and deliberation, which goes beyond an intent to kill.

## 4. Criminal Law— defendant's argument—possible sentences—refusal to permit—no prejudice

Although defense counsel in a prosecution for assault with a deadly weapon with intent to kill and attempted murder should have been allowed to advise the jury of possible sentences, the

error did not have an impact on the jury's determination where jurors were presented with conflicting versions of events, in one of which defendant was simply not at the scene.

Appeal by defendant from judgments entered 11 May 1999 by Judge James E. Ragan, III in Hertford County Superior Court. Heard in the Court of Appeals 9 October 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Tina A. Krasner, for the State.*

*Charles A. Moore, for defendant-appellant.*

FULLER, Judge.

Defendant appeals judgments entered upon convictions by a jury of attempted first degree murder and assault with a deadly weapon with intent to kill inflicting serious injury. Defendant contends the trial court erred in denying his motions to dismiss both charges, and in sustaining the State's objection to defendant's attempt to inform the jury of the punishment for the offenses charged. We find no error.

The State's evidence at trial tended to show the following. On 18 February 1999, Anthony D. Eley arrived at his mobile home in Murfreesboro, North Carolina at approximately 4:30 p.m. Eley saw defendant and two other individuals outside of his home, and he believed they were selling drugs. Eley had asked defendant not to sell drugs in front of his home on at least five prior occasions. After a brief verbal confrontation, during which defendant refused to leave, Eley hit defendant in the face. Defendant fell to his knees and then he and the other two individuals left. Later that evening Eley went to the nearby home of his friend Kalvin Clark. Eley and Clark agreed to walk over to Eley's mother's house. Eley left Clark's house first at approximately 6:40 p.m., with Clark following close behind. As Eley reached the bottom of a hill, he saw a car slowly approaching until it pulled up next to him. Eley looked in the car from no more than a foot away and saw defendant in the passenger's seat and defendant's aunt, Joyce Peoples, driving the car. Eley crossed to the other side of the street, away from defendant. Eley heard someone say, "Hey, y'all dog," and turned around to see defendant standing with the car door open, pointing a gun directly at Eley. Defendant shot once and missed. Eley dropped to the ground, then got up and began to run. Defendant fired again from about fifteen feet away, hitting Eley in the lower left leg

and knocking him down. Defendant started coming toward Eley with an angry look as the two were face-to-face. Eley started yelling for defendant to stop. At that point, defendant's aunt grabbed defendant's arm and urged him to leave. They then got back into the car and left.

Clark's testimony indicated that he had left shortly after Eley, and was about ten to twenty feet away as he witnessed the entire incident. Clark's testimony about the details of the incident substantially corroborates Eley's testimony.

Defendant testified at trial that between 4:00 and 5:00 p.m. he was standing with two other individuals in the mobile home park, but he was not selling drugs. Eley came up to defendant and hit him without a word or warning. Defendant did not retaliate because Eley had others with him. Instead, defendant walked away. Defendant then went to his girlfriend's house and did not see Eley again that night.

Defendant was charged with attempted first degree murder pursuant to N.C.G.S. § 14-17 (1999). The elements of this offense are: (1) a specific intent to kill another person unlawfully; (2) an overt act calculated to carry out that intent, going beyond mere preparation; (3) the existence of malice, premeditation, and deliberation accompanying the act; and (4) a failure to complete the intended killing. *See State v. Cozart*, 131 N.C. App. 199, 202-03, 505 S.E.2d 906, 909 (1998), *disc. review denied*, 350 N.C. 311, —— S.E.2d —— (1999). Defendant was also charged with assault with a deadly weapon with intent to kill inflicting serious injury pursuant to N.C.G.S. § 14-32(a) (1999). The essential elements of this offense are: (1) an assault; (2) the use of a deadly weapon; (3) an intent to kill; and (4) the infliction of serious injury not resulting in death. *See State v. James*, 321 N.C. 676, 687, 365 S.E.2d 579, 586 (1988). After the State presented its evidence, and again at the conclusion of all the evidence, defendant moved to dismiss both charges. The trial court denied the motions and submitted both charges to the jury. The jury found defendant guilty of both offenses and defendant was sentenced accordingly.

[1] In defendant's first argument he contends the trial court erred in denying his motion to dismiss both charges and in submitting the attempted first degree murder charge to the jury. Defendant specifically argues the evidence was insufficient to establish his intent to kill Eley, an element required for both offenses. In order to withstand a motion to dismiss, each element of the crime charged must be supported by "substantial evidence," which is that amount of evidence

that a reasonable mind might accept as adequate to support a conclusion. *See State v. Grigsby*, 351 N.C. 454, 456, 526 S.E.2d 460, 462 (2000). "[I]t is well settled that the evidence is to be considered in the light most favorable to the State and that the State is entitled to every reasonable inference to be drawn therefrom." *State v. Alexander*, 337 N.C. 182, 187, 446 S.E.2d 83, 86 (1994).

In the context of G.S. § 14-32(a), an intent to kill may be inferred from "the nature of the assault, the manner in which it was made, the weapon, if any, used, and the surrounding circumstances." *State v. White*, 307 N.C. 42, 49, 296 S.E.2d 267, 271 (1982). In the context of attempted first degree murder, an intent to kill and the existence of malice, premeditation and deliberation may be inferred from the conduct and statements of the defendant before and after the incident, ill-will or previous difficulty between the parties, and evidence regarding the manner of the attempted killing. *See State v. Coplen*, 138 N.C. App. 48, 59, 530 S.E.2d 313, 321 (2000).

Considered in the light most favorable to the State, the following facts reasonably support the inference that defendant intended to kill Eley and that he acted with malice, premeditation and deliberation: that Eley and defendant had been involved in an altercation only an hour or two earlier in which Eley had hit defendant in the face; that defendant proceeded slowly in pulling up next to Eley, getting out of the car, and pointing a gun at Eley; that defendant used a gun to assault Eley; that after defendant fired and missed, he paused and then fired again; that defendant's second shot did, in fact, hit Eley; that defendant shot Eley from only a few feet away; that even after the second shot, defendant continued to approach Eley with an angry look on his face, and only retreated upon the urging of his aunt. *See State v. Cain*, 79 N.C. App. 35, 47, 338 S.E.2d 898, 905 (inferring intent to kill from defendant's use of a revolver and defendant's firing numerous times at victim), *disc. review denied*, 316 N.C. 380, 342 S.E.2d 899 (1986).

Furthermore, in the context of attempted first degree murder, the intentional use of a deadly weapon itself gives rise to a presumption that the act was undertaken with malice. *State v. Judge*, 308 N.C. 658, 661, 303 S.E.2d 817, 820 (1983). We believe the State presented evidence from which a reasonable mind could have concluded that defendant acted with an intent to kill, and with malice, premeditation, and deliberation. Thus, the motions to dismiss were properly denied, and both charges were properly submitted to the jury. This assignment of error is overruled.

**[2]** Defendant's first argument cites six assignments of error, five of which pertain to defendant's motions to dismiss as discussed above. Defendant's first argument also cites assignment of error 11 which, as set forth in the record, states: "The denial of defendant's motion to set aside the jury's verdict and to arrest the verdict on attempted murder." This single assignment of error, in fact, addresses two separate issues: first, whether the trial court erred in denying defendant's motion to set aside the verdict; and second, whether the imposition of separate sentences for the two offenses charged raises a double jeopardy concern. This assignment of error thus violates N.C.R. App. P. 10(c)(1), which provides that "[e]ach assignment of error shall, so far as practicable, be confined to a single issue of law." Defendant has also violated N.C.R. App. P. 28(b)(5) by failing to state any argument or cite any authority to support this assignment of error.

**[3]** However, it appears from the transcript that the double jeopardy issue was the source of some considerable discussion during the charge conference, and that it was given significant consideration by the court and counsel. Therefore, in our discretion, we address whether the imposition of separate sentences for the offenses of attempted first degree murder and assault with a deadly weapon with intent to kill inflicting serious injury raise a double jeopardy concern. *See* N.C.R. App. P. 2.

During the charge conference, the trial court discussed its concern that all of the elements of attempted first degree murder are also required for a violation of G.S. § 14-32(a), and that, as a result, the imposition of a separate sentence for each offense would violate defendant's constitutional rights against twice being punished for the same criminal act. *See State v. Woodberry*, 126 N.C. App. 78, 485 S.E.2d 59 (1997). Ultimately, the trial court was persuaded that separate sentences for the two offenses would not constitute double jeopardy and, therefore, instructed the jury on both charges. After the jury returned verdicts of guilty on both charges, defendant moved to arrest judgment as to either one of the charges, which motion was denied by the trial court.

Conviction for two separate offenses stemming from one incident is not a violation of a defendant's constitutional rights where each offense requires proof of at least one element that the other does not. *See State v. Hill*, 287 N.C. 207, 217, 214 S.E.2d 67, 74 (1975). Here, G.S. § 14-32(a) requires proof of the use of a deadly weapon, as well as proof of serious injury, elements not required for attempted first

degree murder. Attempted first degree murder requires premeditation and deliberation, elements not required by G.S. § 14-32(a). Furthermore, the elements of premeditation and deliberation are not identical in substance to the intent to kill required by G.S. § 14-32(a). Although an intent to kill is "a necessary constituent of the elements of premeditation and deliberation in first degree murder," *State v. Gordon*, 241 N.C. 356, 358, 85 S.E.2d 322, 324 (1955), premeditation and deliberation go beyond merely an intent to kill. In the context of attempted first degree murder, these elements require evidence that the defendant formed the intent to kill (1) at some period of time, however short, before the attempted killing, and (2) "in a cool state of blood rather than under the influence of a violent passion suddenly aroused by sufficient provocation." *State v. Harshaw*, 138 N.C. App. 657, 659, 532 S.E.2d 224, 226, *disc. review denied*, 352 N.C. 594, —— S.E.2d —— (2000) (citation omitted). Therefore, because each offense requires proof of at least one element that the other does not, the trial court did not err in ordering a separate sentence for each of the two offenses charged.

**[4]** In his second and final argument, defendant contends the trial court erred in sustaining the State's objection to defendant's attempt in his closing argument to inform the jury of the punishment for the offenses charged. "In jury trials the whole case as well of law as of fact may be argued to the jury." N.C.G.S. § 7A-97 (1999). G.S. § 7A-97 secures to a defendant the right to have the jury informed of the punishment prescribed for the offenses for which the defendant is being tried. *See State v. Walters*, 294 N.C. 311, 313, 240 S.E.2d 628, 630 (1978). "In serious felony cases, at least, such information serves the salutary purpose of impressing upon the jury the gravity of its duty. It is proper for defendant to advise the jury of the possible consequence of imprisonment following conviction to encourage the jury to give the matter its close attention and to decide it only after due and careful consideration." *State v. McMorris*, 290 N.C. 286, 288, 225 S.E.2d 553, 554 (1976).

In the case *sub judice*, the State concedes that defendant was improperly denied this right at trial. However, the State argues that the error was merely technical and does not amount to a prejudicial error warranting a new trial. The issue, then, is whether there is a reasonable possibility that a different result would have been reached by the jury had the error in question not been committed. *See* N.C.G.S. § 15A-1443(a) (1999); *State v. Cabe*, 131 N.C. App. 310, 315, 506 S.E.2d 749, 752 (1998). "Whether an error is to be considered prejudicial or

harmless must be determined in the context of the entire record." *State v. Lewis,* 274 N.C. 438, 452, 164 S.E.2d 177, 186 (1968).

In the instant case, the jury was provided two different versions of the events. Eley's version was fully corroborated by Clark's eye-witness testimony. In addition, Deputy Michael Stephenson, who arrived at the scene shortly after the shooting, testified that Eley stated that he had been shot by defendant. Defendant's version, that he simply was not there, was also presented to the jury, as well as testimony from a treating emergency medical technician that he could not recall whether Eley identified the assailant by name while receiving on-site first aid. Although defense counsel should have been allowed to advise the jury of the possible sentences, we fail to see how such error had any impact on the jury's determination. This assignment of error is overruled.

No Error.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.