STATE v. TEW

[149 N.C. App. 456 (2002)]

REVERSED AND REMANDED.

Judges WYNN and HUDSON concur.

---

STATE OF NORTH CAROLINA v. ROBERT WILLIAM TEW

No. COA01-454

(Filed 19 March 2002)

**1. Criminal Law— joinder—purposeful circumvention—no evidence**

The prosecution of defendant for assault with a deadly weapon with intent to kill inflicting serious injury did not violate statutory joinder requirements where defendant was originally indicted for attempted murder, defendant requested that the court charge on assault with a deadly weapon inflicting serious injury, the court denied that request and defendant was convicted of attempted second-degree murder, that conviction was vacated pursuant to a ruling that the crime of attempted second-degree murder did not exist, and defendant was then charged with assault with a deadly weapon with intent to kill inflicting serious injury. There is no evidence that the State withheld the charge to circumvent joinder requirements. N.C.G.S. § 15A-926(c)(2).

**2. Criminal Law— collateral estoppel—attempted murder— assault with a deadly weapon with intent to kill inflicting serious injury—issue of intent**

The State was not collaterally estopped from prosecuting defendant for assault with a deadly weapon with intent to kill inflicting serious injury because defendant was originally convicted of attempted second-degree murder in a prosecution for attempted first-degree murder and that conviction was vacated. Although defendant argued that this verdict resolved the issue of intent to kill in his favor, a rational jury could have grounded its verdict on the absence of premeditation and deliberation.

STATE v. TEW

[149 N.C. App. 456 (2002)]

**3. Constitutional Law— double jeopardy—attempted murder and assault with a deadly weapon with intent to kill inflicting serious injury**

Defendant was not subjected to double jeopardy where he was originally prosecuted for attempted first-degree murder, convicted of attempted second-degree murder, that judgment was vacated on appeal pursuant to a ruling that attempted second-degree murder is not a crime, and defendant was then prosecuted for assault with a deadly weapon with intent to kill inflicting serious injury. The assault charge requires proof of use of a deadly weapon, an element not required for attempted murder, while malice, premeditation, and deliberation are required for attempted first-degree murder but not for assault with a deadly weapon with intent to kill inflicting serious injury.

Appeal by defendant from judgment dated 8 September 2000 by Judge Stafford G. Bullock in Alamance County Superior Court. Heard in the Court of Appeals 19 February 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Robert C. Montgomery, for the State.*

*Christopher T. Watkins, for defendant-appellant.*

GREENE, Judge.

Robert William Tew (Defendant) appeals a judgment dated 8 September 2000 entered consistent with a jury verdict finding him guilty of assault with a deadly weapon with intent to kill inflicting serious injury.

Defendant was indicted on 9 March 1998 by the Alamance County Grand Jury for attempting to murder Mary Josephine Tew (Tew). A jury trial was held and prior to the trial court charging the jury, Defendant requested the trial court "consider charging on assault with a deadly weapon inflicting serious bodily injury." The trial court denied Defendant's request because assault with a deadly weapon inflicting serious bodily injury is not a lesser-included offense of attempted first-degree murder or attempted second-degree murder. The trial court instructed the jury on attempted first-degree murder and attempted second-degree murder. With respect to attempted first-degree murder, the trial court instructed that in order to find Defendant guilty, the jury had to find Defendant "intended to unlawfully kill [Tew] with malice and with premeditation and deliberation."

In regard to attempted second-degree murder, the trial court instructed that in order to find Defendant guilty of that crime, the jury had to find Defendant "intended to unlawfully kill [Tew] with malice." On 8 October 1998, the jury found Defendant guilty of attempted second-degree murder.

On appeal to this Court, in an unpublished decision, this Court found no error in Defendant's trial. *State v. Tew*, 136 N.C. App. 669, 530 S.E.2d 366 (unpublished), *reversed*, 352 N.C. 362, 544 S.E.2d 557 (2000). On discretionary review to the North Carolina Supreme Court, Defendant's conviction of attempted second-degree murder was vacated pursuant to the Supreme Court's 7 April 2000 decision in *State v. Coble*, 351 N.C. 448, 527 S.E.2d 45 (2000) that the crime of attempted second-degree murder did not exist. *State v. Tew*, 352 N.C. 362, 544 S.E.2d 557 (2000).

On 30 May 2000, the Alamance County Grand Jury issued an indictment charging Defendant with the assault of Tew with a deadly weapon with intent to kill inflicting serious injury. Defendant moved to dismiss the charge on 29 August 2000, arguing: he had previously been placed in jeopardy for the same offense; prior to his previous trial, he had requested the State to charge him with the statutory offense of assault with a deadly weapon with intent to kill inflicting serious injury; assault with a deadly weapon with intent to kill inflicting serious injury is a joinable offense under N.C. Gen. Stat. § 15A-926; during the charge conference at his attempted murder trial, Defendant requested the trial court instruct the jury on assault with a deadly weapon with intent to kill inflicting serious injury, but the trial court declined to do so; prior to Defendant's conviction being vacated on 2 June 2000, the State obtained an indictment for the offense of assault with a deadly weapon with intent to kill inflicting serious injury; the State was "collaterally estopped from relitigating the issue where the State has elected its reme[]dy"; and an "issue of fact or law essential to a successful prosecution has been previously adjudicated in favor of . . . Defendant in a prior prosecution between the parties." Defendant requested the trial court dismiss with prejudice the charge of assault with a deadly weapon with intent to kill inflicting serious injury.

At a hearing on Defendant's motion on 5 September 2000, the trial court denied Defendant's motion to dismiss. Subsequently, a jury trial was held and Defendant was found guilty of assault with a deadly weapon with intent to kill inflicting serious injury.

The issues are whether: (I) Defendant's trial on the charge of assault with a deadly weapon with intent to kill inflicting serious injury violated the criminal joinder requirements; (II) the State was collaterally estopped from litigating the issue of intent to kill; and (III) Defendant was twice placed in jeopardy for the same offense.

I

[1] Defendant argues the trial court erred in denying his motion to dismiss because the State failed to join the charge of assault with a deadly weapon with intent to kill inflicting serious injury with the attempted murder charges. We disagree.

"A defendant who has been tried for one offense may thereafter move to dismiss a charge of a joinable offense." N.C.G.S. § 15A-926(c)(2) (1999). Joinable offenses include "felonies or misdemeanors or both, [which] are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C.G.S. § 15A-926(a) (1999). In order for there to be joinable offenses, a defendant must have been charged with the crimes at the outset. *State v. Cox*, 37 N.C. App. 356, 361, 246 S.E.2d 152, 154, *disc. review denied*, 295 N.C. 649, 248 S.E.2d 253 (1978), *cert. denied*, 440 U.S. 930, 59 L. Ed. 2d 487 (1979). In other words, if a defendant is tried on one indictment and a second indictment is issued subsequent to his trial on the first indictment, section 15A-926(a) does not apply. *Id.*; *State v. Warren*, 313 N.C. 254, 260, 328 S.E.2d 256, 261 (1985); *State v. Furr*, 292 N.C. 711, 724, 235 S.E.2d 193, 201, *cert. denied*, 434 U.S. 924, 54 L. Ed. 2d 281 (1977). "If a defendant shows[, however,] that the [State] withheld indictment on additional charges solely in order to circumvent the statutory joinder requirements, the defendant is entitled under N.C.G.S. [§] 15A-926(c)(2) to a dismissal of the additional charges." *Warren*, 313 N.C. at 260, 328 S.E.2d at 261. The defendant bears the burden of persuasion in showing the prosecution withheld the additional indictment for purposes of circumventing the joinder statute. *Id.*

In this case, at the time Defendant was tried for attempted murder, the prosecution had neither sought nor obtained an indictment for assault with a deadly weapon with intent to kill inflicting serious injury. Defendant argues he requested the State charge him with assault with a deadly weapon with intent to kill inflicting serious injury prior to the first trial and the State withheld such an indict-

ment. Even assuming Defendant requested such a charge, there is no evidence in the record to this Court showing the State denied such a request for purposes of circumventing the joinder requirement. As Defendant has not met his burden of persuasion on this issue, the State's prosecution of Defendant on the assault with a deadly weapon with intent to kill inflicting serious injury charge did not violate the statutory joinder requirements.

II

[2] Defendant next contends the jury in his previous trial resolved the issue of intent to kill in his favor and therefore the State is collaterally estopped from prosecuting him for assault with a deadly weapon with intent to kill inflicting serious injury. We disagree.

Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 25 L. Ed. 2d. 469, 475 (1970). "When raising a claim of collateral estoppel, the defendant bears the burden of showing that the issue he seeks to foreclose was *necessarily* resolved in his favor at the prior proceeding." *Warren*, 313 N.C. at 264, 328 S.E.2d at 263. "Where a previous judgment of acquittal was based upon a general verdict" of guilty or not guilty, the trial court must " 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than' " one necessary for resolving the pending case. *Ashe*, 397 U.S. at 444, 25 L. Ed. 2d. at 475-76 (citation omitted).

Defendant argues that because the jury acquitted him of attempted first-degree murder, it necessarily resolved the issue of intent to kill in his favor. An individual is guilty of attempted first-degree murder "if he specifically intends to kill another person unlawfully; he does an overt act calculated to carry out that intent, going beyond mere preparation; he acts with malice, premeditation, and deliberation; and he falls short of committing the murder." *State v. Cozart*, 131 N.C. App. 199, 202-03, 505 S.E.2d 906, 909 (1998), *disc. review denied*, 350 N.C. 311, 534 S.E.2d 600 (1999).

In this case, a jury previously acquitted Defendant of attempted first-degree murder. A rational jury could have grounded its verdict on the absence of premeditation and deliberation, and not on whether

Defendant had the intent to kill Tew. Consequently, the issue of intent was not necessarily resolved in Defendant's favor.

III

**[3]** Defendant finally contends he was twice placed in jeopardy for the same offense. We disagree.

"The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against multiple punishments for the same offense." *State v. Washington*, 141 N.C. App. 354, 368, 540 S.E.2d 388, 398 (2000), *disc. review denied*, 353 N.C. 396, 547 S.E.2d 427 (2001). This provision is violated if " 'the evidence required to support the two convictions is identical.' "[1] *Id.* (citation omitted). Where " 'proof of an additional fact is required for each conviction which is not required for the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same.' " *State v. Fernandez*, 346 N.C. 1, 19, 484 S.E.2d 350, 361 (1997) (citation omitted).

Assault with a deadly weapon with intent to kill inflicting serious injury requires proof of the use of a deadly weapon, an element not required for attempted murder. *Washington*, 141 N.C. App. at 369, 540 S.E.2d at 398; *Coble*, 351 N.C. at 453, 527 S.E.2d at 49 ("assault with a deadly weapon with intent to kill requires proof of an element not required for attempted murder—use of a deadly weapon"). Similarly, malice, premeditation, and deliberation are elements of attempted first-degree murder but not of assault with a deadly weapon with intent to kill inflicting serious injury. *Washington*, 141 N.C. App. at 369, 540 S.E.2d at 398. Accordingly, since assault with a deadly weapon with intent to kill inflicting serious injury requires proof of an additional element not required in attempted murder, Defendant was not subjected to double jeopardy.

Affirmed.

Judges McGEE and THOMAS concur.

---

1. In addition, double jeopardy bars "additional punishment where the offenses have the same elements or when one offense is a lesser-included offense of the other." *State v. McAllister*, 138 N.C. App. 252, 255, 530 S.E.2d 859, 862, *appeal dismissed*, 352 N.C. 681, 545 S.E.2d 724 (2000).