ELMORE, Judge.
 

 Michael Todd Scarlett (defendant) appeals from judgment entered upon a jury verdict finding him guilty of statutory sexual offense. For the reasons stated herein, we conclude that defendant received a fair trial free from prejudicial error.
 

 On 9 July 2001, defendant was indicted on one count of statutory sexual offense in violation of
 
 N.C. Gen. Stat. § 14-27
 
 .7A(a), which provides as follows:
 

 a) A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.
 

 N.C. Gen. Stat. § 14-27
 
 .7A(a) (2003). The indictment alleged that on 12 December 2000, defendant "engage[d] in vaginal intercourse with [A.F.], a person of the age of 13 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim."
 

 The record indicates that in October 2001, defendant and the State negotiated a plea agreement involving this and other charges pending against defendant, whereby defendant was to be sentenced "in the mitigated range . . . of a Level 4, Class C Habitual Felon charge[,]" with a minimum sentence of between 80 and 107 months. This plea agreement was subsequently rejected by the judge presiding over that session of court. Defendant's trial counsel apparently intended to enter the plea before a different judge at a later session of Ashe County Superior Court, in March 2002, but defendant failed to appear at that court session.
 

 Defendant was thereafter absent from Ashe County until he was arrested in another county in July 2002. Defendant was immediately returned to Ashe County for a court session beginning four days later "thinking that . . . this would be for plea based on the negotiations we had [in October 2001]." However, prior to the beginning of the July 2002 court session the State withdrew its original plea offer in lieu of a new offer, whereby defendant would instead be sentenced from the presumptive range, with a minimum sentence of between 107 and 138 months. Defendant refused to accept the new plea offer. Consequently, the matter was called for trial on 16 July 2002, at which time defendant moved, for the firsttime, for a continuance "so that we might prepare for trial." The trial court denied the motion and proceeded to try the matter.
 

 At trial, the State offered uncontroverted evidence that A.F. was 13 years old and defendant was 32 years old when the sexual contact between them allegedly took place. A.F. testified that on 12 December 2000 she was skipping school with her friend K.Y., also 13, when K.Y. called defendant, whom A.F. had never met, to pick them up from a neighbor's house. Defendant did so and proceeded to drop K.Y. off at her boyfriend's house. A.F. testified that defendant then drove A.F. to defendant's apartment, where he rolled a marijuana cigarette and smoked it with A.F. According to A.F., she and defendant then kissed, and defendant asked her if she would have sex with him. A.F. testified that she told defendant she didn't want to, to which defendant replied "It's not going to hurt anybody." A.F. testified that she then accompanied defendant into his bedroom, where she did not resist as defendant removed her clothes and they had intercourse. According to A.F., following intercourse defendant removed a green dildo from a nightstand beside the bed and inserted it into her vagina. A.F. testified that throughout the encounter a pornographic video was playing on a television and VCR situated atop a dresser in the bedroom. A.F. testified that defendant then gave her a small amount of marijuana and drove her home. A.F. testified that she waited a couple of months before telling her counselor at New River Behavioral about this incident. Chief James D. Williams of the West Jefferson Police Department testified that he first spoke to A.F. about the incident with defendant on 2 April 2001. Chief Williams took a statement from A.F. on that date which was consistent with her trial testimony. Chief Williams later conducted a search of defendant's apartment, during which a green dildo and a pornographic videotape were seized from defendant's bedroom. At trial, these items were admitted into evidence without objection. Defendant presented no evidence.
 

 After his motion to dismiss the case was denied, defendant sought the trial court's permission to inform the jury of both the minimum and maximum terms of imprisonment defendant faced if he were found guilty. The trial court allowed defendant to inform the jury of only the maximum sentence defendant could receive if convicted. The jury thereafter returned a verdict of guilty, and the trial court sentenced defendant to a minimum of 480 months and a maximum of 585 months imprisonment. On 21 August 2002, defendant filed a
 
 pro se
 
 notice of appeal with the Ashe County Clerk of Superior Court. The trial court dismissed defendant's appeal as untimely filed. Defendant's appeal is now before this Court upon his petition for writ of certiorari, which was allowed on 9 December 2002.
 

 By his first assignment of error defendant excepts to the trial court's denial of his motion for a continuance, made the day his case was called for trial. Defendant contends that because he was absent from Ashe County for several months prior to beingarrested and returned to the county four days prior to trial, he was not afforded sufficient time to confer with his attorney to prepare a defense against the statutory sexual offense charge, thereby denying his constitutional right to effective assistance of counsel. Defendant further argues that he relied on the State to again offer a plea agreement with the same terms as had been agreed upon in October 2001, and which defendant intended to accept.
 
 [1]
 
 When the State instead offered a plea agreement under which defendant would be sentenced from the presumptive rather than the mitigated range, and after his motion to continue was denied, defendant opted to reject the plea and proceed to trial.
 

 In North Carolina, "[o]rdinarily, a motion to continue is addressed to the discretion of the trial court, and absent a gross abuse of that discretion, the trial court's ruling is not subject to review."
 
 State v. Taylor,
 

 354 N.C. 28
 
 , 33,
 
 550 S.E.2d 141
 
 , 146 (2001),
 
 cert. denied,
 

 535 U.S. 934
 
 ,
 
 152 L. Ed. 2d 221
 
 (2002). When a constitutional issue is raised by a motion to continue, the trial court's ruling is fully reviewable upon appeal.
 
 State v. Searles,
 

 304 N.C. 149
 
 , 153,
 
 282 S.E.2d 430
 
 , 433 (1981). However, even if the motion to continue raises a constitutional issue, the defendant must show both that the denial was erroneous and that he suffered prejudice as a result of the error in order to receive a new trial.
 
 State v. Branch,
 

 306 N.C. 101
 
 , 104,
 
 291 S.E.2d 653
 
 , 656 (1982). While the constitutional right to assistance of counsel requires "that an accused and his counsel shall have a reasonable time to investigate, prepare and present his defense . . . . no set length of time is guaranteed and whether defendant is denied due process must be determined under the circumstances of each case."
 
 State v. McFadden,
 

 292 N.C. 609
 
 , 616,
 
 234 S.E.2d 742
 
 , 747 (1977).
 

 We have carefully examined the record in the present case and we conclude that under the circumstances, defendant and his counsel had a reasonable time to investigate, prepare and present his defense. The record reflects that defendant was arrested on the charges giving rise to the present appeal on 4 April 2001, over a year before the trial, and that defendant's trial counsel was appointed to represent him the next day. Defendant's trial counsel was involved in negotiations which gave rise to the plea agreement reached in October 2001. Presumably, defendant's trial counsel undertook some investigation of the charge against his client in preparation for those plea negotiations. Moreover, defendant has not convincingly argued that further time for his attorney to investigate the allegations which are at the heart of this case would have proven beneficial to his defense. Defendant was charged with, and convicted of, statutory sexual offense of a thirteen-year-old in violation of
 
 N.C. Gen. Stat. § 14-27
 
 .7A(a). The evidence of three of the four elements required for a conviction on that offense is undisputed: the victim, A.F., was thirteen years old and the defendant was at least six years older at the time of the offense, and they were not married.
 
 See
 

 N.C. Gen. Stat. § 14-27
 
 .7A(a) (2003). Further investigation is not warranted on any of these elements. As to the fourth element, defendant's "engag[ing] in vaginal intercourse or a sexual act" with the victim, defendant has failed to show how further time for his attorney to investigate would aid his defense.
 

 Id.
 

 The record reveals there was no physical evidence of, nor any witnesses to, the alleged sexual contact between defendant and A.F. Defendant cannot therefore argue persuasively that he needed further time to interview witnesses or analyze physical evidence on his behalf. Finally, the transcript reveals that defendant's trial counsel was aware of A.F.'s adjudication of delinquency, as well as the discrepancy between the date she claims the offense occurred and the date reflected in Chief Williams' police report, and that defendant cross-examined both A.F. and Chief Williams on these points in an attempt to impeach A.F.'s credibility. Despite defendant's protestations to the contrary, we cannot discern how granting a continuance to allow defendant's trial counsel to further investigate these matters would materially advance his defense.
 

 Even assuming
 
 arguendo
 
 that the trial court did err by denying the motion to continue, we conclude that such error was not prejudicial to defendant. Defendant's cause is not advanced by his argument that he had no contact with his trial counsel for several months prior to being arrested and returned to Ashe County four days prior to trial, as defendant is not prejudiced by any error resulting from his own conduct of failing to appear for entry of a plea in March 2002 and willfully absenting himself from Ashe Countythereafter.
 
 See
 
 N.C. Gen. Stat. § 15A-1443(c) (2003). Moreover, defendant moved for a continuance
 
 after
 
 his case was called for trial, a factor to which our appellate courts have ascribed significance in determining whether the trial court abused its discretion by denying such a motion.
 
 See State v. Chambers,
 

 53 N.C. App. 358
 
 , 360,
 
 280 S.E.2d 636
 
 , 638,
 
 cert. denied,
 

 304 N.C. 197
 
 ,
 
 285 S.E.2d 103
 
 (1981). Defendant's first assignment of error is overruled.
 

 By his second assignment of error, defendant contends the trial court erred by admitting into evidence the pornographic videotape seized during the search of defendant's apartment. Defendant argues that the video was not relevant evidence under N.C. Gen. Stat. § 8C-1, Rule 401, or alternatively, that its probative value was substantially outweighed by its prejudicial effect pursuant to N.C. Gen. Stat. § 8C-1, Rule 403. Because defendant did not object at trial to admission of the videotape, he now argues on appeal that its admission was plain error. We disagree.
 

 Under the plain error standard of review, defendant must show either "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial."
 
 State v. Bishop,
 

 346 N.C. 365
 
 , 385,
 
 488 S.E.2d 769
 
 , 779 (1997). Our Supreme Court has stated as follows concerning plain error:
 

 The plain error rule applies only in truly exceptional cases. Before deciding that an error by the trial courtamounts to "plain error," the appellate court . . . must determine that the error in question "tilted the scales" and caused the jury to reach its verdict convicting the defendant. Therefore, the test for "plain error" places a much heavier burden upon the defendant than that imposed by N.C.G.S. § 15A-1443 upon defendants who have preserved their rights by timely objection. This is so in part at least because the defendant could have prevented any error by making a timely objection.
 

 State v. Walker,
 

 316 N.C. 33
 
 , 39,
 
 340 S.E.2d 80
 
 , 83 (1986) (citations omitted).
 

 In the present case, A.F. testified that defendant played a pornographic video on the television in defendant's bedroom while defendant and A.F. had intercourse. Chief Williams testified that in her statement, A.F. described the video as playing on a television and VCR situated atop a tall dresser next to defendant's bed. Chief Williams testified that the video which was admitted into evidence at trial was seized from a VCR atop a tall dresser in defendant's bedroom. On these facts, we conclude that the video was relevant under Rule 401, and any prejudicial effect from its admission was outweighed by its probative value under Rule 403, because it corroborated A.F.'s testimony that defendant had played such a video during the incident giving rise to the charges against defendant.
 
 State v. Rael,
 

 321 N.C. 528
 
 ,
 
 364 S.E.2d 125
 
 , 129 (1988) (Videotape and magazines relevant and properly admitted where they corroborated juvenile victim's testimony that the defendant had shown him such materials during the defendant's alleged commission of sexual offenses against the juvenile). Moreover, even assuming
 
 arguendo
 
 that the video's admission was error, we are not persuadedthat the jury would have reached a different verdict absent its admission. Defendant's second assignment of error is overruled.
 

 By his third assignment of error, defendant argues the trial court erred by denying defendant's request to inform the jury of the minimum possible sentence defendant could receive upon conviction of the offense for which he was tried, and that this error entitled defendant to a new trial. We disagree.
 

 Section 7A-97 of our General Statutes provides in part that "[i]n jury trials the whole case as well of law as of fact may be argued to the jury." N.C. Gen. Stat. § 7A-97 (2003). Our appellate courts have interpreted this section as "grant[ing] defense counsel the right to tell the jury of the possible punishment defendant faces if convicted of the crime for which he is being tried."
 
 State v. Person,
 
 ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2004). Specifically, our Supreme Court has stated that "[c]ounsel may exercise this right by reading the punishment provisions of the statute to the jury[.]"
 
 State v. Walters,
 

 294 N.C. 311
 
 , 313,
 
 240 S.E.2d 628
 
 , 630 (1978).
 

 In the present case, we conclude that the trial court erred by allowing defendant to inform the jury of the maximum, but not the minimum, sentence defendant could face upon a conviction for statutory sexual offense. This is so because the
 
 minimum
 
 sentence is part of the "possible punishment" faced by defendant. However, while we hold that it was error for the trial court to deny defense counsel's request to inform the jury of the minimum punishment defendant faced if convicted, this alone is not sufficient groundsto award defendant a new trial.
 
 Person,
 
 ___ N.C. App. at ___, ___ S.E.2d at ___. The issue then becomes "whether there is a reasonable possibility that a different result would have been reached by the jury had the error in question not been committed."
 
 State v. Peoples,
 

 141 N.C. App. 115
 
 , 120,
 
 539 S.E.2d 25
 
 , 30 (2000); N.C. Gen. Stat. § 15A-1443(a) (2003).
 

 Viewing this error, as we must, in the context of the whole record,
 
 Peoples,
 

 141 N.C. App. at 120-121
 
 ,
 
 539 S.E.2d at 30
 
 , we hold that this error was harmless. Our Supreme Court has stated that "[i]t is proper for defendant to advise the jury of the possible consequence of imprisonment following conviction to encourage the jury to give the matter its close attention and to decide it only after due and careful consideration."
 
 State v. McMorris,
 

 290 N.C. 286
 
 , 288,
 
 225 S.E.2d 553
 
 , 554 (1976). By allowing defense counsel to inform the jury that defendant faced a maximum possible punishment of life imprisonment if convicted, we conclude that the jury was properly informed of the gravity of its duty in deciding defendant's guilt or innocence. This assignment of error is overruled.
 

 By his final assignment of error, defendant contends the trial court erred by denying his motion to dismiss made at the close of the evidence, on the grounds that there was insufficient evidence to convict him of the offense with which he was charged. Defendant specifically asserts that A.F.'s testimony was not credible in light of her "tumultuous past," including her adjudication as delinquent and subsequent placement in a training school followingher violation of juvenile probation. In arguing that A.F.'s testimony was not credible, defendant also cites inconsistencies in A.F.'s testimony at trial and the statement she gave to Chief Williams.
 

 When ruling on a motion to dismiss, the trial court must consider all the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences which can be drawn therefrom.
 
 State v. Rasor,
 

 319 N.C. 577
 
 , 585,
 
 356 S.E.2d 328
 
 , 333 (1987). The central question is whether there is substantial evidence of each element of the charged offense, and that the defendant was the perpetrator.
 
 State v. Lynch,
 

 327 N.C. 210
 
 , 215,
 
 393 S.E.2d 811
 
 , 814 (1990). Whether the evidence presented constitutes substantial evidence is a question of law for the court. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
 
 State v. Earnhardt,
 

 307 N.C. 62
 
 , 66,
 
 296 S.E.2d 649
 
 , 652 (1982). "If all the evidence, taken together and viewed in the light most favorable to the State, amounts to substantial evidence of each and every element of the offense and of defendant's being the perpetrator of such offense, a motion to dismiss is properly denied."
 
 State v. Mercer,
 

 317 N.C. 87
 
 , 98,
 
 343 S.E.2d 885
 
 , 892 (1986) (citations omitted).
 

 As noted above, the elements of statutory sexual offense of a person who is 13, 14, or 15 years old are: (1) vaginal intercourse or a sexual act, (2) with a person who is 13, 14, or 15 years old, (3) by a defendant who is at least six years older than the victim, and (4) who is not married to the victim.
 
 N.C. Gen. Stat. § 14-27
 
 .7A(a). In the present case, it is undisputed that A.F. was 13 at the time of the alleged offense, that defendant was at least six years older, and that defendant and A.F. were not married. Moreover, we conclude that there was substantial evidence, in the form of A.F.'s detailed trial testimony and the corroboration of substantial portions of that testimony by her investigatory statement to Chief Williams, that defendant engaged in vaginal intercourse with A.F. Although some minor discrepancies exist between A.F.'s statement and her later trial testimony, our Supreme Court has held that in the context of a motion to dismiss, "contradictions and discrepancies do not warrant dismissal of the case - they are for the jury to resolve."
 
 Earnhardt,
 

 307 N.C. at 67
 
 ,
 
 296 S.E.2d at 653
 
 . Defendant's fourth assignment of error is without merit.
 

 No prejudicial error.
 

 Judges MCGEE and MCCULLOUGH concur.
 

 Report per Rule 30(e).
 

 As noted above, the presiding judge rejected the October 2001 plea agreement, and defendant failed to appear at a subsequent session of court in March 2002, where defendant intended to enter the plea before a different judge.