ELMORE, Judge.
Defendant Alfred Odom was charged with assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon upon a law enforcement officer. This is the third time defendant has been tried on charges arising out of events that occurred on the evening of 23 September 1998.
The State's evidence tended to show that on the evening of 23 September 1998, Officers James Hunt and Joey Smith of the Robeson County Sheriff's Department were engaged in law enforcement duties on Interstate 95 (I-95) with Lt. Robbie Bishop from the Villa Rica Police Department of Dallas, Georgia. Lt. Bishop was present to train Officers Hunt and Smith to become part of an interstatecriminal enforcement team. All three officers were in an unmarked car belonging to the Robeson County Sheriff's Department. Their duties included enforcing traffic laws and identifying individuals who might be transporting drugs or drug money along I-95.
While engaged in their duties, the officers observed a black Chevy Camaro driven by defendant traveling at a high rate of speed on I-95. With Officer Hunt driving, they pursued the vehicle. A high-speed chase ensued after defendant feigned an attempt to pull over. Officers C.T. Strickland and Alex Monroe of the Robeson County Sheriff's Department subsequently joined the chase.
Eventually, defendant veered onto an exit ramp but lost control of his vehicle, which then spun around several times before coming to a stop. The officers rushed to defendant's car, and defendant resisted Officer Hunt's attempts to remove him from it. In the course of their struggle, Officer Hunt was shot twice in the chest. Officers Monroe and Strickland fired at defendant but did not hit him. While fleeing on foot, defendant fired at the officers. After sending Officer Hunt to the hospital and calling for assistance, the remaining officers apprehended defendant hiding in a canal near the road.
In the first trial, defendant was tried on a variety of charges including attempted murder of Officer Hunt, but the jury was unable to reach a verdict. After the trial judge declared a mistrial, the State then obtained a superseding indictment. Defendant was thereafter tried for, among other things, attempted first degree murder of Officer Hunt and assault with a deadlyweapon with intent to kill inflicting serious injury. The jury acquitted defendant of attempted murder and all other charges, save for two on which the jury was unable to reach a verdict. In the third trial, a jury acquitted defendant of assault with a deadly weapon upon a law enforcement officer with respect to Officer Smith but convicted defendant of assault with a deadly weapon with intent to kill inflicting serious injury with respect to Officer Hunt; these were the two charges on which the jury had deadlocked in the second trial. The trial court sentenced defendant to imprisonment for 145 to 183 months. Defendant appeals.
Defendant contends that the trial court committed reversible error in denying his motion to dismiss and his motion for nonsuit, which allowed him to be tried on charges of assault with a deadly weapon with intent to kill inflicting serious injury after he had already been tried for the same charge - a charge on which a mistrial was previously declared. Defendant asserts that this subsequent trial constituted double jeopardy in violation of his rights under the United States and North Carolina Constitutions.
Because the trial for the charge on which defendant was later convicted had ended in a mistrial, defendant's constitutional protection against double jeopardy was not violated when he was subsequently retried on that same charge. Our Supreme Court has held that "[w]hen a mistrial has been declared properly, `in legal contemplation there has been no trial.'" State v. Sanders, 347 N.C. 587, 599, 496 S.E.2d 568, 576 (1998)(quoting State v. Tyson, 138 N.C. 627, 629, 50 S.E. 456, 456 (1905)). A deadlocked jury, asin defendant's second trial, is an appropriate basis for declaring a mistrial, and a properly declared mistrial "will not ordinarily cause a subsequent conviction after retrial to be susceptible to a double jeopardy challenge." The United States v. Perez, 22 U.S. 579, 580, 6 L. Ed. 165, 165-66 (1824). This is the standard our Supreme Court applied in holding that "where a defendant is put on trial and the jury is unable to reach a verdict, it is not unconstitutional for the accused to be retried for the same offense." State v. Simpson, 303 N.C. 439, 447, 279 S.E.2d 542, 547 (1981).
Defendant next argues that his acquittal on the charges of attempted murder in his first two trials should have precluded the State from trying him on the assault with a deadly weapon with intent to kill inflicting serious injury charge in the third trial. It is not, however, a violation of a defendant's double jeopardy protection for him to be tried and convicted of separate offenses arising out of the same incident, provided "each offense requires proof of at least one element that the other does not." State v. Peoples, 141 N.C. App. 115, 120, 539 S.E.2d 25, 29 (2000); see State v. Hill, 287 N.C. 207, 217, 214 S.E.2d 67, 74 (1975). In such trials, the threat of double jeopardy is not present, and the proceedings comply with the standards articulated by the United States Supreme Court. See Blockburger v. United States, 284 U.S. 299, 304, 76 L. Ed. 306, 309 (1932)(holding that the test for double jeopardy is whether one offense requires proof of at least one element that the other offense does not). Defendant contends that the crime for which he was convicted and the crime for which he had previously been acquitted were not sufficiently dissimilar under the Blockburger test. This Court, however, has previously held that these two crimes - attempted first degree murder and assault with a deadly weapon with intent to kill inflicting serious injury - are sufficiently distinct so as to constitute separate crimes even when arising out of the same facts. Peoples, 141 N.C. App. at 120, 539 S.E.2d at 29. As it was possible for defendant to have faced these charges in one trial, it was permissible for him to face them in separate proceedings. As such, defendant's second trial for assault with a deadly weapon with intent to kill inflicting serious injury did not constitute double jeopardy.
By his next assignment of error, defendant argues that the trial court erred in denying his motion to dismiss and his motion for nonsuit on the ground that his trial was barred by collateral estoppel. Defendant argues that his acquittal of attempted first degree murder necessarily prevented his being tried for assault with a deadly weapon with intent to kill inflicting serious injury. This Court has previously held, however, that acquittal of attempted murder does not necessarily prevent a subsequent trial and conviction for assault with a deadly weapon with intent to kill inflicting serious injury. State v. Tew, 149 N.C. App. 456, 460, 561 S.E.2d 327, 331 (2002).
In order to be successful on a claim of collateral estoppel, a defendant must show "that the issue he seeks to foreclose wasnecessarily resolved in his favor at the prior proceeding." State v. Warren, 313 N.C. 254, 264, 328 S.E.2d 256, 263 (1985). In the case sub judice, just as in Tew, there is more than one basis on which the jury could have decided to acquit defendant, and therefore no issue has been necessarily foreclosed. Cf. Tew, 149 N.C. App. at 460, 561 S.E.2d at 331. Defendant indicates no particular issue on which his acquittals could be conclusive in relation to the subsequent trial, and thus the trial court committed no error in denying his motion to dismiss.
Defendant next contends that the trial court erred in denying his motion to instruct the jury on the lesser included offense of assault with a deadly weapon inflicting serious injury. However, because defendant cites no authority to support his argument, this issue is not properly before this Court. The North Carolina Rules of Appellate Procedure mandate that "[t]he body of the argument shall contain citations of the authorities upon which the appellant relies." N.C.R. App. P. 28(b)(6) (2004). When no reasonable authority is cited to support a proposition, it is deemed abandoned. State v. Bonney, 329 N.C. 61, 82, 405 S.E.2d 145, 157 (1991). We, therefore, conclude that this assignment of error is abandoned and decline to consider it further.
By his final assignment of error defendant contends that the trial court erred in denying his motion to dismiss and his motion for nonsuit on the ground that the evidence, when viewed in the light most favorable to the State, was insufficient to support hisconviction. Our Supreme Court has set forth the legal standard for considering a defendant's motion to dismiss as follows:
[T]he trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense. Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion. In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. The trial court must also resolve any contradictions in the evidence in the State's favor. The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility.
State v. Robinson, 355 N.C. 320, 336, 561 S.E.2d 245, 255-56 (2002) (citation omitted); see also Simpson, 303 N.C. at 448, 279 S.E.2d at 548.
After considering the evidence in the light most favorable to the State, we find that there was substantial evidence with respect to each element of assault with a deadly weapon with intent to kill inflicting serious injury. The phrase "substantial evidence" indicates that there is more than a scintilla of evidence, which means simply "that the evidence must be existing and real, not just seeming or imaginary." State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). The State offered evidence tending to show that a handgun engraved with a shortened version of defendant's proper name was found at the scene, that the gun likely belonged to defendant, that defendant intended to fire the gun at Officer Hunt, that this gun would not likely have fired otherwise, that the gun was very close to Officer Hunt's shirt at the time of its firing, and that Officer Hunt was seriously injured by these actions. Based on this evidence, the trial court properly denied defendant's motion.
No error.
Judges TIMMONS-GOODSON and BRYANT concur.
Report per Rule 30(e).